MORROW, Presiding Judge.
 

 Assault to murder is the offense; punishment fixed at confinement in the penitentiary for a period of five years.
 

 The subject of the assault is Minnie Hurd. Appellant had been working for her, and on the evening of the occurrence had been at her home in company with others, leaving about ten o’clock at night. About an hour .or so later, he returned and knocked on the door. She declined to admit him. He then broke open the door and entered with a shotgun in his hand. She grappled with him and screamed. He felled her by a blow on the head with the gun. While she was lying on the floor, he shot her. The main load entered her thigh but one shot struck her arm. The discharge of the gun set fire to her clothes but she managed to extinguish it. While still lying on the floor, appellant hit her upon the head and also upon the arm, the blow breaking the arm. After hitting her again, she ceased hollering and he backed out of the house.
 

 Appellant testified and admitted the occurrence. He claimed, however, that he carried his gun to the house for protection, thinking that there might be a man upon the premises.. He said he had no ill will towards her; that when she grabbed him, he was frightened and struck her; that he did not hear the explosion of the gun. An examination of the- room showed marks in the floor from the gun shot.
 

 There are no bills of exception found in the record.
 

 In his brief counsel for the appellant challenges the sufficiency of the evidence.
 

 The court instructed the jury on the law of self-defense and on the theory that the appellant entered the room for an innocent purpose, struck the woman in order to release himself, and that the gun was fired by accident. The court also submitted the issue of aggravated assault in a charge which was apparently fair and against which no criticism is addressed.
 

 We are unable to assent to the view that the evidence is insufficient to support the conviction.
 

 The judgment is affirmed.